EMPIRE CREAM SEPARATOR CO. v. ELECTRIC CANDY MACH. CO.

(Circuit Court of Appeals, Third Circuit. January 11, 1909.)

No. 32.

PATENTS (§ 328*)—INFRINGEMENT—CANDY MACHINE.

The Morrison and Wharton patent, No. 618,428, for a candy machine, claim 1, which covers "the combination in a candy machine of a rotative, perforated vessel A, A', A'', C, C', and a heating attachment or burner, m, substantially as shown and for the purpose set forth," by so referring to the drawings makes the several parts of the vessel designated by such letters thereon essential subelements or features of the same, and, each being functional, the patent is not infringed by a machine in which the vessel lacks any one of such features or its equivalent.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 161 Fed. 552.

Wm. H. Kenyon, for appellant.

G. P. Ritter and F. W. Ritter, Jr., for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

GRAY, Circuit Judge. In the suit below, the appellee was complainant, and charged the appellant, the defendant below, with infringement of claim 1 of letters patent No. 618,428, granted January 31, 1899, to Morrison and Wharton, for a candy machine, the complainant being their assignee. In the specifications of the patent, the patentees thus refer to their invention:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Our invention relates to improvements in candy-making, or, as commonly called, 'candy machines,' in which a revoluble or rotating pan or vessel containing candy or melted sugar causes the said candy or melted sugar to form into masses of thread-like or silk-like filaments by the centrifugal force due to the rotation of the vessel.

"The object of our invention is to obtain an edible product consisting of the said filaments of melted and 'spun' sugar or candy.

"We attain the object or design of our invention by the mechanism illustrated in the accompanying drawings, in which," etc.

The first claim of the patent—the only one here involved, is as follows:

"(1) The combination, in a candy machine, of a rotative, perforated vessel, A. A', A''. C, C'. and a heating attachment, or burner, m, substantially as shown and for the purpose set forth."

The sole defense was noninfringement. The defendant rested its case upon the complainant's proofs, and insisted below, as it insists here, that the question of infringement is a question of the proper legal construction of claim 1 of the patent in suit, and that on this question testimony was unnecessary. There is, therefore, no prior art in the case, and the meaning and extent of the claim must be ascertained from the language employed and the manner in which it is framed, with such aid as may be obtained by proper resort to the specifications.

The form of the claim is somewhat unusual, as the drawing of the patented device is incorporated therein and is a necessary part thereof. We have, then, a combination of two elements,—a rotative perforated vessel, and a heating attachment or burner. But it is not every rotative and perforated vessel that is indicated in the claim, but only such a rotative and perforated vessel as consists of the parts or features referred to in the drawings by the letters A, A', A'', C, and C', or the substantial equivalents of those features. It is not, therefore, the ordinary case where the question is, whether, in view of the prior art, the claim can be narrowed so as to be saved by the reference letters. We have here no prior art to consider, but simply the method by which the patentees have seen fit to set forth their claim.

The rotative, perforated vessel, which constitutes one element of the combination, is not designated as a segregate unit, but by specification of its several parts, five in number, and each part becomes, therefore, a necessary constituent in its description. In the very able and ingenious argument of complainant's counsel, it is urged that these reference letters in claim 1, perform the office of identifying the illustration of the complainant's device. They contend that the letters, A, A', A'', C, and C', do no more than similar letters placed at the several angles of a polygon. The use of letters, however, in the latter case, delimit the contour of the geometrical figure described, and do not stand for integral parts of the same, while, in the case in hand, we have the rotative perforated vessel described by five different component parts of the same, and how shall we say that any one of these parts so designated is unessential to the vessel intended to be described?

It is impossible to read the claim without referring to the drawing, and the letters mean nothing, except as indicating parts of such draw-

ing. To read the claim intelligently, these letters must be translated and have the meaning attached to them which was evidently intended by the framer of the claim. To understand the claim, therefore, it is necessary to read it as follows:

"The combination, in a candy machine, of a rotative, perforated vessel, consisting of a pan, A, a depending heat screen, A', a pan flange, A", a cone-shaped cover, C', with a curved flange, C."

Each of these parts thus indicated is necessary to the description of the first element of the claim. It matters not whether we call them subordinate elements of the first element, or features thereof. They are essential to the integrity of the device, as claimed. The patentees have chosen to so describe the first element of their combination. On what principle can we be asked to broaden that description,—in other words, to broaden the invention as described? If one of these features may be dropped without destroying the integrity of the element claimed, why not another? As will be shown presently, all these features are parts of the rotative, perforated vessel, and are each of them functional. If the flange, A", may be dropped without affecting the identity of the element, why may not any other feature be so omitted? Why not the depending heat screen, A', or the pan, A, itself, or the inverted funnel-shaped cover, C', and curved flange, C, or any two of them? Courts will be liberal in so construing a claim as to secure to the patentee his real invention, but in doing so, they cannot disregard the form and language in which the inventor has chosen to make his claim. To give him more than he actually claims, would import infinite confusion into the administration of the patent law, as well as contravene the statute itself.

Turning to the defendant's machine, we find a flat, circular pan, or vessel, for holding the sugar, covered by a cone-like top, terminating in a flange-like rim, covering the outer margin of the pan and coterminous with the periphery thereof. From the outer periphery of the circular bottom of this pan, depends the heat screen, and the ring burner is placed with the flame about an inch radially inward from the outer edge of the pan. Regarding these parts as equivalents of the four parts indicated in the claim of the patent, as A, A', C, and C', there is obviously lacking the fifth part designated in the said claim as the flange, A". This flange, A", of the patent in suit, is conspicuous in the drawing thereof, and is functionally described by complainant's expert, as follows:

"It is clear, however, that the flange A" strengthens the curved portion of the rotating vessel and enables it to retain its shape in spite of the centrifugal forces developed during rotation. A second function is to furnish a means for attaching the cylinder A' to the rotating vessel, and thirdly, being always hot during the operation of the machine, the temperature being about the melting point of sugar, it would, if the speed of rotation is low, keep the streams of candy issuing from the perforations in the circumference of the vessel, sufficiently warm so that they might continue to stretch during the passage across the flange A", whether narrow or wide, to the receptacle beyond. In case of very rapid rotation this third function would so nearly disappear as to be inappreciable."

The specification only speaks of the flange receiving the filaments of the melted sugar cast out of the perforations of the vessel by cen-

trifugal force, and passing them off from its extreme edge into the surrounding chamber. In another place, the specifications say:

"The pan, A, is essentially a bowl with a flange, as shown at A"."

Another important function of the flange of the patent in suit, admitted to exist by the same expert, is that by means of it the heat screen is suspended at such a distance from the edge of the pan as to permit the flame of the ring burner to be directly underneath the perforations of the edge, so that the candy will be thrown out thereof at its point of greatest liquifaction. In defendant's device owing to the fact that the heat screen depends directly from the edge of the pan, the flames of the ring burner have to be placed at least an inch radially inward from the outer edge of the pan. We find in defendant's device, no functional equivalent in these respects for the flange A", and therefore an essential part of the rotative, perforated vessel, as described in claim 1, is wanting in defendant's machine. Interpreting claim 1 by its own terms, with such aid as can properly be sought in the specifications, we can affix no other meaning thereto than that the "rotative perforated vessel" referred to in the claim, is not any or every such vessel, but one that is characterized by or consists of the parts designated in the drawings by the letters, A, A', A", C, and C'. We cannot, therefore, regard the flange A" as unessential or immaterial to the invention of complainant, as described in its claim.

The briefs on both sides have been elaborate, and the decisions referred to are numerous and instructive. Each case depends so much upon its own peculiar facts, that it would be fruitless labor to attempt to analyze or differentiate them. We do not think, however, that the conclusion at which we have arrived contravenes any principle established by such decisions.

Finding no infringement, for the reasons stated, in the device of the defendant, the decree of the court below must be reversed.